IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

McGEORGE CAMPING CENTER, INC.,  )
                                )
    Plaintiff,                  )
v.                              )    Civil Action No. 3:08CV038-HEH
                                )
AFFINITY GROUP, INC., *et al.*, )
                                )
    Defendants.                 )


<u>MEMORANDUM OPINION</u>
(Granting Plaintiff's Motion to Remand)

This is a defamation suit originating from comments posted on an internet blog. It is currently before the Court on Plaintiff McGeorge Camping Center, Inc.'s Objection to Removal and Motion to Remand filed on January 2, 2008. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process at this stage. For the reasons stated herein, the Court will grant Plaintiff's motion.

Plaintiff McGeorge Camping Center, Inc. ("McGeorge") is a recreational vehicle dealership located in Ashland, Virginia. McGeorge filed this action in response to a series of perceived negative comments posted by internet users on RV.NET, a recreational vehicle enthusiast's website. The users that posted the comments objected to by McGeorge were Jason Duncan, James Hurdle, Houston Reeves, and four other users identified only by their RV.NET user names. McGeorge sued those users as well as

Affinity Group Inc. ("Affinity"), the operator of RV.NET, claiming defamation and a civil conspiracy to harm reputation, trade, or business in violation of Virginia Code § 18.2-500. The Complaint was filed on December 13, 2007 in the Circuit Court for the County of Hanover.

Defendant Affinity removed the action to this Court based on diversity of citizenship on January 16, 2008. Affinity acknowledges that James Hurdle, a co-defendant, is a resident of Virginia and therefore complete diversity between the parties is not present as required by 28 U.S.C. § 1332. Affinity argues that Hurdle's residency may nonetheless be ignored and removal accomplished under the doctrine of fraudulent joinder.

A court may find that a nondiverse defendant has been fraudulently joined when the removing party establishes "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999). Affinity does not allege outright fraud on the part of McGeorge. They assert the alternative theory of fraudulent joinder, that removal is permissible because there is "no possibility" that McGeorge can state a claim against Hurdle, the nondiverse defendant.

The burden on Affinity in claiming fraudulent joinder is heavy. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). Affinity must show "that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all

2

issues of fact and law in the plaintiff's favor." *Id.* The standard applied in evaluating a fraudulent joinder motion is more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Furthermore, the Court "is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

The parties admit that Hurdle's address is in Arlington, Virginia and that his presence in this action would ordinarily defeat diversity jurisdiction. The central issue is whether there is "no possibility" that McGeorge can state a claim against him such that the Court can conclude he was fraudulently joined. If Affinity cannot make the requisite showing, this Court lacks jurisdiction and the matter must be remanded to state court.

McGeorge's first claim against Hurdle pertains to a statement posted by him on RV.NET utilizing the moniker "jim1632." In response to a glowing review of McGeorge posted by another user, Hurdle admits to posting: "New posters raving about their experiences at a dealer always make me wary too. Too likely to be associated with that dealer." McGeorge claims that statement constitutes defamation *per se*. McGeorge's Complaint also asserts a cause of action against Hurdle for statutory civil conspiracy under Virginia Code § 18.2-500. McGeorge asserts that Hurdle, Affinity, and the other named RV.NET users conspired to willfully and maliciously injure McGeorge in its reputation, trade, or business.

3

The Court is skeptical that either claim against Hurdle, as pled, will survive a motion to dismiss under Rule 12(b)(6). The standard for evaluating fraudulent joinder, however, is considerably more strict. The Court must find that there is "no possibility" McGeorge could state a claim on either count. The Court is not confined to the pleadings alone in conducting the inquiry.

While Hurdle's relatively innocuous statement may not support a defamation claim, finding that there is no <u>possibility</u> that McGeorge could sustain its civil conspiracy claim is more difficult. Statutory civil conspiracy provides treble damages when two or more persons "combine, associate, agree, mutually undertake or concert together for the purpose of . . . willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever." Va. Code Ann. §§ 18.2-499, 18.2-500. McGeorge alleges that Affinity, Hurdle, and the other RV.NET users have conspired to harm the dealership and they claim damages in excess of $800,000. The factual allegations in the Complaint lead the Court to conclude that ultimate recovery on this allegation is unlikely, but the Court cannot find, construing all facts and issues of law in McGeorge's favor, that there is no possibility McGeorge could prove an actionable claim of civil conspiracy under Virginia law. This is particularly true at the pre-discovery stage.

Despite the relatively harmless internet postings revealed in the Complaint, McGeorge may develop evidence that Hurdle and others agreed to harm McGeorge's

4

reputation through postings on RV.NET.[1] Proving the "requisite concert of action and unity of purpose" is the foundation of a civil conspiracy claim and the Court must find at this stage that there is a possibility, however remote, that McGeorge can state a civil conspiracy claim against Hurdle. *See Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003). The Court must therefore find that Hurdle was not fraudulently joined. His presence as a defendant destroys complete diversity and divests this Court of subject matter jurisdiction. Accordingly, this action will be remanded to the Circuit Court for the County of Hanover.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 11th day of March.
Richmond, VA

---

[1] If Plaintiff is ultimately unable to demonstrate a good faith basis for this claim, there are appropriate remedies available to the defendants.

5